# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN J. PAREGIEN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WILSHIRE INSURANCE COMPANY, <br><br> Defendant. | Case No.: 1:15-cv-01621 - --- - JLT <br><br> ORDER GRANTING THE MOTION TO APPOINT CHAD PAREGIEN AS GUARDIAN AD LITEM FOR P.S.P. AND SANDRA DUDLEY AS LITEM FOR MINOR PLAINTIFF S.J.P AND <br><br> (Docs. 1-3, 1-4) |

On October 23, 2015, Chad Paregien initiated this action on behalf of minor Plaintiff P.S.P and Sandra Dudley initiated this action on behalf of S.J.P., and both requested to be appointed as the guardians ad litem for the child. (Docs. 1-3, 1-4)

### I.     Appointment of a Guardian Ad Litem

Pursuant to the Federal Rules of Civil Procedure, "[a] minor . . . who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). In addition, a court "must appoint a guardian ad litem - or issue another appropriate order - to protect a minor or incompetent person who is unrepresented in an action." *Id*. The capacity of an individual to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b).

Here, P.S.P and J.S.P reside in California (Doc. 1 at 2) and the law of the state governs. Under California law, an indi fvidual under the age of eighteen is a minor, and a minor may bring suit as long as a guardian conducts the proceedings. Cal. Fam. Code §§ 6502, 6601. A guardian ad litem may be

appointed to represent the minor's interests.  Cal. Code Civ. P. § 372(a).

## II.     Discussion and Analysis

In determining whether to appoint a particular guardian ad litem, the court must consider whether the minor and the guardian have divergent interests.  Cal. Code Civ. P. § 372(b)(1). "When there is a potential conflict between a perceived parental responsibility and an obligation to assist the court in achieving a just and speedy determination of the action, a court has the right to select a guardian ad litem who is not a parent if that guardian would best protect the child's interests." *Williams v. Super. Ct.*, 147 Cal. App. 4th 36, 38 (Cal. Ct. App. 4th 2007) (internal quotation marks and citation omitted). "[I]f the parent has an actual or potential conflict of interest with his child, the parent has no right to control or influence the child's litigation." *Id.* at 50.

Here, Plaintiff P.S.P. is a five-year-old (Doc. 1-3 at 1) and S.J.P. is 16 years old.  (Doc. 1-4 at 1) Both are minors under California law.  *See* Cal. Fam. Code § 6502.  As minors, their ability to bring suit is contingent upon the appointment of a guardian ad litem for each.  Upon review of the complaint, it does not appear there are adverse interests between the children and their proposed guardians ad litem.  Neither proposed guardian appears to have a competing claims with the children, given they are the only plaintiffs in this action, and the only claims are asserted on their behalf.  Accordingly, appointment of Mr. Paregien and M., Dudley as guardians ad litem for the children is appropriate. *See Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001) ("Generally, when a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child there is no inherent conflict of interest."); *see also Anthem Life Ins. Co. v. Olguin*, 2007 U.S. Dist. LEXIS 37669, at *7 (E.D. Cal. May 9, 2007) (observing that "[a] parent is generally appointed guardian ad litem").

## III.    Conclusion and Order

The decision whether to appoint a guardian ad litem is "normally left to the sound discretion of the trial court." *United States v. 30.64 Acres of Land, etc.*, 795 F.2d 796, 804 (9th Cir. 1986).  Here, it does not appear either proposed guardian has conflicting interests, and as such they may be appointed to represent the interests of the children.  Therefore, the Court is acting within its discretion to grant the application.

///

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. The motion for appointment of Chad Paregien as guardian ad litem for P.S.P. (Doc. 1-3) is **GRANTED**;
2. The motion for appointment of Sandra Dudley as guardian ad litem for S.J.P. (Doc. 1-4) is **GRANTED** and
3. Chad Paregien is appointed to act as guardian ad litem for Plaintiff P.S.P., and is authorized to prosecute this action on her behalf;
4. Sandra Dudley is appointed to act as guardian ad litem for Plaintiff S.J.P., and is authorized to prosecute this action on his behalf.

IT IS SO ORDERED.

Dated: **November 25, 2015**         **/s/ Jennifer L. Thurston**
                                     UNITED STATES MAGISTRATE JUDGE