# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN J. PAREGIEN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>WILSHIRE INSURANCE COMPANY,<br><br>    Defendant. | Case No.: 1:15-cv-01621 AWI JLT<br><br>FINDINGS & RECOMMENDATION TO APPROVE MINORS' COMPROMISE AS TO P.S.P BUT TO FIND IT MOOT AS TO S.J.P.<br>(Doc. 62)<br><br>ORDER DENYING REQUEST FOR STATUS CONFERENCE[1]<br>(Doc. 63) |

S.J.P. and P.S.P appeared in this proceeding by and through their guardians ad litem who seek approval of the minor's compromise in this action. (Doc. 62). Notably, however, during the pendency of this action, S.J.P. achieved the age or majority and at the time of the filing of this petition, had and has the capacity to compromise his own claim.[2] (Doc. 62-3 at 2) For this reason and those set forth below, the Court recommends the motion as to S.J.P. be **GRANTED** but the petition of S.J.P. be found to be **MOOT**.

///

---

[1] Despite that the guardian ad litem and counsel failed for months to complete this settlement, they seek immediate response from this Court without, the Court notes, ever setting this petition for hearing. Had they set it for hearing, filed a stipulation of all parties agreeing to the petition or had the defendant filed a notice of non-opposition, the matter could have been determined more quickly. In any event, the request for a status conference (Doc. 63) is **DENIED**.

[2] Despite this, without explanation, the Kern County Superior Court found S.J.P. to be a "minor" and approved the compromise. (Doc. 62-4 at 3)

# I. Factual History

This action involves a car collision in which the children's mother and grandmother were killed. They initiated this action against the company that insured the driver--who caused the collision—and his employer, to recover the damages awarded in the underlying lawsuit. (Doc. 1) At the time the action was initiated, the Kern County Superior Court had appointed S.J.P. and P.S.P. guardians ad litem and the underlying lawsuit in that court had be completed. (Docs. 53, 54) Because the guardians ad litem sought appointment in this Court and did not report that they had already been appointed in State court, the Court here appointed the guardians also. (Doc. 7)

On February 26, 2017, S.J.P. turned 18. (Doc. 62-3 at 2) Thus, he is no longer a minor under California law (Cal. Fam. Code § 6502(a)(2)) and has the capacity to compromise his own claim. Thus, the Court **RECOMMENDS** the petition as to S.J.P. to be found to be **MOOT**.

# II. Settlement Approval Standards

No settlement or compromise of "a claim by or against a minor or incompetent person" is effective unless it is approved by the Court. Local Rule 202(b). The purpose of requiring the Court's approval is to provide an additional level of oversight to ensure that the child's interests are protected. Toward this end, a party seeking approval of the settlement must disclose:

> the age and sex of the minor, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount . . . was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent.

Local Rule 202(b)(2).

Federal Rule of Civil Procedure 17(c), imposes on the Court the responsibility to safeguard the interests of child-litigants. Robidoux v. Rosengren, 638 F.3d 1177, 1181 (9th Cir. 2011); See Friends for All Children, Inc. v. Lockheed Aircraft Corp., 567 F.Supp. 790, 812-813 (D.D.C.1983. Thus, the Court is obligated to independently investigate the fairness of the settlement even where the parent has recommended it. Robidoux, at 1181. Moreover, rather than focusing on the amount of fees to be awarded, the Court is to evaluate whether the net amount to the child is fair and reasonable "without

2

regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel" and "in light of the facts of the case, the minor's specific claim, and recovery in similar cases." Id. at 1181-1182.  The Court is obligated to consider the child's specific claim and other awards in similar cases to determine whether the settlement amount is reasonable.  Id.

### III.     Discussion and Analysis

The petition in this case sets forth the information that is required.  P.S.P. is six years old (Doc. 62-5 at 2) Through her guardian ad litem, she was awarded half of the judgment issued in the state court which equals $8,119,971.65.  (Doc. 62-5)  In this action, she sought to recover this damage award from the company that insured the tortfeasors.  (Doc. 1)

In settlement of this action, the defendant, Wilshire Insurance Company agreed to pay $7,075,000 in addition to the payment of $953,559.21[3] previously paid.  (Doc. 62-5 at 4)  Out of the child's funds, her attorney will be reimbursed $12,913.22 in costs and $2,358,333.33[4] in fees.  (Doc. 62-5 at 7)  In addition, the child's adoptive parents seek "child support" in the amount of $1,000 per month until the child reaches 18 years old, which equates to $139,000. Id.

The petition was first presented to the Kern County Superior Court (Doc. 62), as required by Local Rule 202(b)(1).  That court approved the petition (Doc. 62-6) and established the Paregien Qualified Settlement Fund and appointed an administrator of the Fund.  (Doc. 62-1 at 2-3)  The Kern County Superior Court ordered the bulk of the remaining settlement amount, $4.5 million, to be deposited in the Fund and the remaining $64,753.45 to be placed into a blocked account, withdrawal from which may occur only with an order of that court. Id. at 4, 6.

The motion reflects the uncertainties attendant to litigation and the long and hard-fought course of this litigation, and the underlying litigation, has undergone.  (Doc. 62-5 at 31-40)  In addition, the fairly early settlement at mediation session avoids incurring further costs which would impact, ultimately, the amount the child would receive. Id.

///

---

[3] Of this amount, $317, 853.07 was paid to the attorneys as fees and $78,029.93 was reimbursed to the attorneys as costs. (Doc. 62-5 at 30)  Notably, the fee allowance represents 33.33% of the total amount recovered for the child.  The Kern County Superior Court approved this division of the payment. Id.

[4] This amount reflects a fee equal to 33.33% of the child's total recovery.

3

## II. Analysis

### A. Other outcomes

As noted above, the Court is required to consider the outcome of similar cases to determine whether the sum to settle the child's claims is reasonable. See Robidoux, 638 F.3d at 1181; Salmeron, 724 F.2d at 1363. Though Petitioner did not identify any similar actions to support the approval of the minors' compromise, the Court finds the recovery is appropriate considering those received by children in other actions. In Anthem Life Ins. Co. v. Olquin, 2008 WL 1366103 at *1-2 (E.D. Cal. Apr. 9, 2008), there were competing claims to the proceeds of an insurance policy in the amount of $50,369.18. The minor's compromise sought to settle the claims of the child, who was the godson of the deceased. Id. The court approved the compromise of $20,866.13 for the child and after fees and costs, agreed the minor would receive $18,366.13.

In de Aguilar v. N. R.R. Passenger Corp. (Amtrak), 2009 WL 1035221 at *3 (E.D. Cal. Apr. 17, 2009) report and recommendation adopted sub nom. Aguilar v. N. R.R. Passenger Corp. (Amtrak), 2009 WL 1311588 (E.D. Cal. May 11, 2009), the court approved the settlement for a 12-year-old after the child's parent had been killed in a vehicle collision with a train. The total amount of the settlement was $15,000 and, after fees and costs were deducted, the amount attributed to the child was $10,681.23. Id. However, the settlement required the proceeds to be used to purchase an annuity which would, by the child's 18th birthday, pay him $13,483.97. Id.

In Estate of Lopez v. Fresno Cmty. Hosp., 2010 WL 502704 at *1-2 (E.D. Cal. Feb. 8, 2010) report and recommendation adopted as modified, 2010 WL 683456 (E.D. Cal. Feb. 23, 2010), the six children sought approval of the minor's compromise after their mother died during childbirth and her baby was stillborn. The total settlement was $205,000 with each child's share being $22,777.78 and the rest to be paid to their father, the husband of the decedent. Id. at 2. After costs and fees, the net recovery for each child was $16,601.92. Id.

In Cotton ex rel. McClure v. City of Eureka, Cal., 2012 WL 6052519 at *1-2 (N.D. Cal. Dec. 5, 2012), the settlement for the child, following the death of her father after an altercation with police officers, was in the amount of $4,000,000. The court approved the minor's compromise and, after awarding fees and costs, the net amount to be received by the child was $2,646,765.90. Id. However,

4

because the settlement required the proceeds to be invested in annuities, the total future payments to be received by the child would be $5,926,754.89.  The settlement here approximates those amounts awarded to other minors who suffered the loss of a parent.

### A.   Proposed attorney fees and costs

Out of the settlement proceeds, the child's attorneys seek costs in the amount of $64,753.45 and fees in the amount of $2,358,333.33.  (Doc. 62-1 at 4-6)  The attorney sets forth the extensive efforts expended toward prosecuting the underlying case and this current one directed at collection of the damage award. (Doc. 62-5 at 31-40)  Though the Court is put off by the fact that the attorneys will receive more than $4.6 million dollars—when the fees from this child's recovery and that of S.J.P. are combined—and notes that this amount exceeds what either S.J.P. or P.S.P. will ultimately receive.

However, given the Kern County Superior Court has already approved this amount, the fact that the Ninth Circuit has instructed in <u>Robidoux</u> that the focus should not be on what the attorneys will receive but on the fairness to the child, and the fact that plaintiff's guardian ad litem has agreed to the fees and costs requested—the Court finds the fee award is reasonable.  Moreover, based upon the information provided in the motion and the supporting documents, and considering the totality of the facts and circumstances of this case—and most particularly the excellent result achieved in the underlying litigation and at the mediation—the Court finds the settlement agreement is fair, reasonable, and in the best interests of the child.[5]  Accordingly, the Court recommends the proposed settlement agreement be approved as to P.S.P.

### IV.   **Findings and Recommendations**

Based upon the foregoing, the Court **RECOMMENDS**:

1.   That the motion to approve settlement of the claims of the minor, P.S.P., be **GRANTED**;

2.   That the motion to approve settlement of the claims of the minor, S.J.P., be found to be **MOOT**;

---

[5] Before the Ninth Circuit issued <u>Robidoux v. Rosengren</u>, 638 F.3d 1177 (9th Cir. 2011), the Court would not have been inclined to approve the minor's compromise based upon what appears to be an excessive amount that will be received by counsel.

3.      That the child P.S.P **SHALL** receive $4,564,753.45 after payment of attorney's fees and costs and the payment of $139,000 to her adoptive parents for the express purpose of her specific upkeep and for no other purpose.  The adoptive parents **SHALL** be required to keep record and receipts detailing of how these funds are spent and **SHALL** be required to produce these documents to the Court as ordered and to the child upon the child attaining 18 years of age;

3.      That, if it has not occurred already, from the settlement proceeds counsel **SHALL** deposit $4,500,000 with BHG Structured Settlements and $64,753.45 into the blocked account ordered by the Kern County Superior Court, within 48 hours of the order adopting this recommendation;

4.      That no withdrawals may be made from the blocked accounts without a written order of the Kern County Superior Court until the child attains the age of 18 years.  **As to any amount withdrawn, the sum SHALL be used only for the benefit of the child** and the guardian ad litem **SHALL** be required to retain copies of all receipts documenting purchases made using each child's funds as well as documentation detailing why the purchase was made and how it benefitted the child.  The guardian ad litem **SHALL** be required to provide this information to the Court as ordered and to the child upon the child attaining 18 years of age;

5.      That the settlement amount plus interest shall be transferred to the child when she reaches the age of 18 years or as otherwise ordered; that when the child attains the age of 18 years, the depositories, without further order of this Court, are hereby authorized and directed to pay by cashier's check directly to the former minor plaintiff, upon proper demand and identification, all money and interest deposited pursuant to this Order and the Order of the Kern County Superior Court; and, that the money on deposit not be subject to escheat;

6.      That guardian ad litem and plaintiff's attorney be required to deliver to the federally-insured bank or credit union a complete copy of this Order at the time of deposit;

7.      That the parties' be required to file with the Court a stipulation for dismissal of the action with prejudice and lodge a separate order no later than ten days after these findings and recommendations are adopted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local

Rules of Practice for the United States District Court, Eastern District of California. Within seven days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 4, 2017**              **/s/ Jennifer L. Thurston**
                                         UNITED STATES MAGISTRATE JUDGE